**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Yount,<br>　　　　Plaintiff,<br>vs.<br>Ken Salazar, et al.,<br>　　　　Defendants,<br>Grand Canyon Trust, et al.,<br>　　　　Intervenor-Defendants. | No. CV 11-08171-PCT-FJM<br>　　　CV 12-08038-PCT-GMS<br>　　　CV 12-08042-PCT-DGC<br>　　　CV 12-08075-PCT-JAT<br><br>**ORDER** |
| National Mining Association, et al.,<br>　　　　Plaintiffs,<br>vs.<br>Ken Salazar, et al.,<br>　　　　Defendants. | |
| Northwest Mining Association,<br>　　　　Plaintiff,<br>vs.<br>Ken Salazar, et al.,<br>　　　　Defendants. | |
| Quaterra Alaska, Inc., et al.,<br>　　　　Plaintiffs,<br>vs.<br>Ken Salazar, et al.,<br>　　　　Defendants. | |

1   The court has before it plaintiffs National Mining Association's and Nuclear Energy
2   Institute's Motion to Consolidate (doc. 28), the federal defendants' Response in Opposition
3   (doc. 35), plaintiffs' Reply (doc. 37), plaintiffs Quaterra Alaska, Inc. et al's Motion to
4   Consolidate (doc. 49), the federal defendants' Response in Opposition (doc. 50), and the
5   Response of intervenor-defendant Grand Canyon Trust (doc. 51), to which we need not await
6   a Reply.

7   While the federal defendants oppose consolidation, they do not oppose assignment of
8   all four cases to a single judge. Response at 7, n. 3 (doc. 35); Response at 9, n. 5 (doc. 50).
9   These four cases all attack the same decision of the defendant Salazar. There are or will be
10  motions to dismiss on grounds of standing in all four cases. The transfer of all four cases to
11  a single judge will ensure consistency, even if the cases are not consolidated. These cases
12  are "related cases" within the meaning of LRCiv 42.1(a). They arise from the same decision
13  of the defendant Salazar. They involve substantially the same parties. They involve the
14  same land. They involve the same legal issues. They are all likely to require an analysis of
15  the defendant Salazar's decision. While a motion to transfer is heard by the judge assigned
16  the case with the lowest number, here the undersigned, LRCiv 42.1(b) sets forth the factors
17  by which that judge determines the judge to whom the cases will be assigned.

18  The Yount case is not a suitable lead case because the plaintiff is unrepresented.
19  While substantive matters have not been considered in any case, Judge Campbell is familiar
20  with the issues and the decision attacked here because of his processing of an earlier case
21  involving the same decision brought by environmental groups. Assignment to Judge
22  Campbell would promote judicial efficiency because he can call upon his experience in the
23  earlier case in evaluating the decision under review. Judge Campbell advises that he is
24  willing to take all four cases. All four factors under LRCiv 42.1(d) point to assigning these
25  cases to Judge Campbell. He can then decide whether they should be consolidated for some
26  or all purposes. Even if not consolidated, unitary adjudication will minimize the risk of
27  inconsistent rulings, both with respect to standing and the ultimate merits.

28  Accordingly, it is **ORDERED GRANTING** the alternative Motions to Transfer to

a single judge under LRCiv 42.1. (Docs. 28 and 49). It is further **ORDERED** transferring CV 11-08171, CV 12-08038, and CV 12-08075 to Judge Campbell, to whom CV 12-08042 is already assigned.

DATED this 18th day of July, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge